| | |
|---|---|
| ANDREW JESSE HERNANDEZ, Sr., | Case No. 2:21-cv-01629-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| BRIAN KIBLER, *et al.*, | |
| Defendants. | ECF Nos. 6, 7, & 10 |
| | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Andrew Hernandez, a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983, alleges that defendants took his medical equipment and discontinued his pain medication without either cause or adequate process. ECF No. 1. He claims that these deprivations constitute violations of the Americans with Disabilities Act ("ADA") and the Fourth, Eighth, and Fourteenth Amendments. Although his claims are not adequately pled, I will give plaintiff an opportunity to amend his complaint before recommending that it be dismissed. Additionally, I will grant plaintiff's applications to proceed *in forma pauperis*, ECF Nos. 7 & 10, and deny his motion for appointment of counsel, ECF No. 6.

1

**Motion To Appoint Counsel**

Plaintiff has filed a motion requesting the appointment of counsel. ECF No. 6. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff claims that his disabilities make it difficult for him to read, write, and understand case materials, and he asks that the court assign counsel to assist him. *See* ECF No. 6. While I do not question the challenges posed by plaintiff's disabilities, he has nonetheless proven capable of filing legible and coherent pleadings, notwithstanding those pleadings' substantive deficiencies. Moreover, considering that his factual allegations do not state a claim in their current form, he has not demonstrated a likelihood of success on the merits. I will therefore deny his request for counsel at this time.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants collectively participated in confiscating or seizing his "[Americans with Disabilities Act ("ADA")] Durable Medical Equipment" from him and in discontinuing his pain medication, in both cases without adequate cause or process. *See* ECF No. 1 at 3-8. He variously characterizes these allegations as violations of the ADA and the Fourth, Eighth, and Fourteenth Amendments, and he claims that the deprivations have caused him to endure unnecessary pain and suffering. *Id.*

While the wrongful seizure of necessary medical equipment or medication by prison employees can, in some cases, give rise to legal liability, plaintiff's allegations do not provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. His threadbare allegations fail to identify what medical equipment was taken, how he used or relied on it, or the factual context surrounding the alleged deprivations. *See* ECF No. 1. Beyond stating that "all [defendants] actively took part in one form or another," *id.* at 4, plaintiff identifies neither specific actions taken by the defendants nor each defendant's role in plaintiff's

3

incarceration or medical care. Ultimately, plaintiff's allegations amount to the sort of "the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held insufficient to state a claim. *Ashcroft*, 556 U.S. at 678.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF Nos. 7 & 10, is granted.

2. Plaintiff's motion to appoint counsel, ECF No. 6, is denied.

3. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order may result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4