1
2
3
4
5
6
7           UNITED STATES DISTRICT COURT
8         FOR THE EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| ANDREW JESSE HERNANDEZ, SR., | Case No. 2:21-cv-01629-WBS-JDP (PC) |
| Plaintiff, | SCREENING ORDER THAT PLAINTIFF: |
| v. | (1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT AND ADA CLAIMS AGAINST DEFENDANTS SPEARMAN, GRAY, AND MIRANDA; OR |
| BRIAN KIBLER, *et al.*, | |
| Defendants. | |
| | (2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT |
| | ECF No. 15 |
| | THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner proceeding without counsel, alleges that defendants Kibler, Spearman, Gray, and Miranda violated his Eighth Amendment rights by discontinuing various medical appliances that had previously been prescribed for his disability. ECF No. 15 at 4. He also alleges that the discontinuation of these devices violated his equal protection rights. Id. at 7-8. Plaintiff's Eighth Amendment and Americans with Disabilities Act ("ADA") claims against defendants Spearman, Gray, and Miranda are viable. He must choose whether to proceed only with those claims or delay serving any defendant and file another amended complaint.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that in 2019 he was transferred from the California Medical Facility ("CMF") to High Desert State Prison ("HDSP"), where defendant Spearman was warden. ECF No. 15 at 3. While at CMF he had been prescribed various medical devices for his disabilities, including a C-PAP machine, a wheelchair backpack to carry incontinence supplies, a TENS unit, and a hearing device. *Id.* at 3-4. Plaintiff claims that, upon arrival at HDSP, defendant Spearman ordered medical staff, including defendants Gray and Miranda, to confiscate these items. *Id.* at 3. They obliged, and plaintiff alleges that these confiscations caused him increased pain and worsened his disabilities. *Id.* at 4. These allegations are sufficient, for screening purposes, to state viable Eighth Amendment and ADA claims against defendants Spearman, Gray, and Miranda.

Plaintiff has failed, however, to state a viable claim against defendant Kibler. He alleges that this defendant was warden of HDSP from 2021 to 2022 and that he supported Spearman's order to confiscate plaintiff's medical devices. *See*, *e.g.*, *id.* at 3 ("By defendants Spearman and Kibler I was deliberately deprived of my medical D.M.E's . . . ."). Unlike the allegations against Spearman, which offer both a timeframe and an alleged justification for the confiscation, plaintiff never describes the nature of Kibler's actions. Merely mentioning this defendant's name alongside the other defendants is insufficient to state a claim against him.

I also find that plaintiff's equal protection claim is non-cognizable. He alleges that the confiscation of his medical devices denied him equal protection under the law. *Id.* at 7. The disabled, however, are not a protected class under the Fourteenth Amendment. *Gamble v. Escondido*, 104 F.3d 300, 307 (9th Cir. 1996).

Plaintiff may either proceed only with his Eighth Amendment and ADA claims against defendants Spearman, Gray, and Miranda, or he may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended

complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff either advise that he wishes to proceed only with his Eighth Amendment and ADA claims against defendants Spearman, Gray, and Miranda or file an amended complaint. If he elects to proceed only on these claims, he must voluntarily dismiss his claims against the other defendants.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  September 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE