UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JESSE HERNANDEZ, Sr., | Case No. 2:21-cv-01629-WBS-JDP (PC) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| BRIAN KIBLER, *et al.*, | |
| Defendants. | |

Plaintiff Andrew Hernandez is a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983. He alleges that defendants Spearman, Gray, Miranda, and Kibler violated his rights under the Eighth Amendment and the Americans with Disabilities Act when they discontinued various medical devices and treatments.[1] Defendants have moved to dismiss

---

[1] Defendants' motion with respect to plaintiff's Eighth Amendment claim addresses only plaintiff's allegations that he was denied access to prescribed medical devices; these allegations appear to be the primary basis for plaintiff's Eighth Amendment claim. ECF No. 22-1; *see generally* ECF No. 17. Although defendants acknowledge that plaintiff also complains that they discontinued his pain medication, surgeries, and specialty consultations, they contend that the screening order found viable only an Eighth Amendment claim based on the discontinuation of his medical devices. While defendants' reading of the screening order may not be unreasonable, I did not intend the screening order to construe so narrowly plaintiff's Eighth Amendment claim. On the court's own motion, I now clarify that plaintiff's Eighth Amendment claim relates to defendants' alleged discontinuation of his medical devices, pain medication, surgeries, and specialty consultations. *See* Fed. R. Civ. P. 60(a).

If the above clarification gives rise to an alternative basis for dismissal that defendants

1

both claims.  I recommend granting in part and denying in part defendants' motion.

## Legal Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.  *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## Second Amended Complaint

Plaintiff arrived at High Desert State Prison ("HDSP") in September 2019, was subsequently transferred to another institution, and then returned to HDSP in April 2020.  ECF No. 17 at 4.  He suffers from certain physical challenges, including vision and hearing impairment, incontinence, and pain from spine and nerve damage.  *Id.* at 5.  Plaintiff alleges that

---

believe to be meritorious, they may seek to raise such arguments in a subsequent motion to dismiss.  However, before expending resources on an additional motion, defendants may wish to consider both the analysis herein and my finding that plaintiff's allegations potentially state an Eighth Amendment violation.

1    he had been scheduled for surgeries and specialty consultations for his medical issues and had
2    been prescribed pain management medication and several pieces of durable medical equipment
3    ("DME") and ADA-Adaptive Devices, all in compliance with CDCR policies and regulations.
4    *Id.* at 3-4, 6-8.  The medical devices at issue include a C-PAP machine, a TENS Unit, a speaker
5    pillow, and a wheelchair backpack for his incontinence supplies.  *Id.* at 5.
6         Plaintiff alleges that he experienced no issues with his medical devices when he first
7    arrived at HDSP, but after he refused to be segregated from the general population, Spearman—
8    the HDSP warden—directed defendant medical professionals—Dr. Gray and physician's assistant
9    Miranda—to discontinue and confiscate plaintiff's DME and ADA-Adaptive Devices.  *Id.* at 3-5.
10   He alleges that Gray and Miranda deprived him of these devices in full awareness of the harm
11   such deprivation would cause him.  Plaintiff alleges that Kibler, who was Spearman's successor
12   at HDSP, deliberately continued the deprivation of his devices when plaintiff returned to the
13   prison in 2020.  *Id.* at 4.  He alleges that each defendant had knowledge of his need for these
14   devices, and that each intentionally deprived him of the devices.  *Id.* at 4-5.  Plaintiff alleges that
15   defendants also discontinued his pain management medication, specialty consultations, and
16   surgeries.  *Id.* At 6-9.  He alleges that defendants' actions were undertaken with "malice," and
17   that defendants knew that their actions would cause him "unnecessary pain and suffering."  *Id.* at
18   6.

                                            **Analysis**

20        Defendants argue that plaintiff cannot sue them in their individual capacities under Title II
21   of the ADA.  Indeed, plaintiff alleges in his second amended complaint that he is suing
22   defendants for ADA claims in their individual capacities, ECF No. 17 at 6-7, which is
23   impermissible, *see Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that a plaintiff
24   cannot "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity
25   to vindicate rights created by Title II of the ADA").  Further, if plaintiff was attempting to allege
26   medical malpractice claims against defendants Gray and Miranda, the ADA is not a proper
27   vehicle.  *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a
28   remedy for medical malpractice."); *Meyers v. Kernan*, No. 1:22-cv-0539-SAB (PC), 2023 WL

1   425738, at *6 (E.D. Cal. Jan. 26, 2023) (finding that the plaintiff's claims of inadequate medical
2   care does not constitute a violation of the ADA).  Accordingly, plaintiff's ADA should be
3   dismissed without leave to amend.  *See Hernandez v. Marcelo*, No. 1:19-cv-01219-NONE-JLT
4   (PC), 2020 WL 6075648, at *3 (E.D. Cal. Oct. 15, 2020) ("Because the individual-capacity
5   claims are barred by statute and thus cannot be cured by amendment, the Court should dismiss the
6   claims without leave to amend.").

7   Defendants argue that plaintiff's Eighth Amendment claims must be dismissed because he
8   does not allege "the requisite deliberate indifference."  ECF No. 22-1 at 6.  Plaintiff alleges that
9   defendants denied him prescribed medical devices and care.  Viewing his allegations in the light
10  most favorable, defendants' conduct may have violated plaintiff's constitutional rights.
11  Deliberate indifference can be shown when prison officials ignore express orders from treating
12  physicians.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (deliberate indifference may
13  manifest "by prison doctors in their response to the prisoner's needs or by prison guards in
14  intentionally denying or delaying access to medical care or intentionally interfering with the
15  treatment once prescribed"); *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (a prisoner can
16  establish deliberate indifference by showing that a prison official intentionally interfered with his
17  medical treatment).  Plaintiff need not allege more.

18  Defendants further argue that plaintiff has not alleged "sufficient information concerning
19  his medical conditions to plausibly allege that he needed those devices."  ECF No. 22-1 at 7.
20  Plaintiff alleges that he has several health issues for which he has been prescribed medical
21  devices and care.  His allegations that defendants knowingly and purposely confiscated those
22  devices and discontinued treatment is sufficient here.  Defendants' motion to dismiss plaintiff's
23  Eighth Amendment claims should be denied.

24  Finally, defendants move to strike plaintiff's unauthorized sur-reply.  ECF No. 28.  The
25  Local Rules provide for a motion, an opposition, and a reply.  *See* E.D. Cal. L.R. 230(l).  Neither
26  the Local Rules nor the Federal Rules recognize a right a sur-reply.  Plaintiff does not have the
27  right to file a sur-reply, and he did not file a motion seeking leave to file a sur-reply.  However,
28

4

considering his pro se status, the court will deny defendants' motion to strike.[2]

Accordingly, it is hereby ORDERED that defendants' motion to strike, ECF No. 28, is denied.

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 22, be granted in part as to plaintiff's ADA claims, and that these claims be dismissed without leave to amend.

2. Defendants' motion to dismiss, ECF No. 22, be denied in part as to plaintiff's Eighth Amendment claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 31, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The court has reviewed plaintiff's sur-reply, but the arguments raised therein do not alter the court's analysis.