UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JESSE HERNANDEZ, Sr., | Case No. 2:21-cv-01629-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S EIGHTH AMENDMENT CLAIM THAT DEFENDANTS DISCONTINUED PAIN MEDICATION, SURGERIES, AND SPECIALTY CONSULTATIONS |
| BRIAN KIBLER, *et al.*, | |
| Defendants. | |
| | ECF No. 42 |

Plaintiff Andrew Hernandez is a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983. He alleges that defendants Spearman, Gray, Miranda, and Kibler violated his rights under the Eighth Amendment when they discontinued various medical devices and treatments. Defendants move to dismiss plaintiff's allegations relating to the discontinuation of his pain medication, surgeries, and specialty consultations.[1] ECF No. 42. After reviewing the

---

[1] Defendants previously filed a motion to dismiss which addressed, among other things, plaintiff's allegations that he was denied access to prescribed medical devices. ECF No. 22. The motion, however, did not address the allegations about plaintiff's discontinued pain medication, surgeries, and specialty consultations. Defendants noted that they did not address those claims based on their understanding of the court's prior screening order. In ruling on defendants' motion, the court clarified that the complaint also alleged an Eighth Amendment claim based on defendants' alleged discontinuation of plaintiff's pain medication, surgeries, and specialty consultations. In light of this procedural history, the court allowed defendants the opportunity to file an additional motion to dismiss.

pleadings and briefs, I will grant defendants' motion and allow plaintiff thirty days to file an amended complaint.

**Legal Standards**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**Second Amended Complaint**

Plaintiff, who was housed at High Desert State Prison ("HDSP") in April 2020, suffers from vision and hearing impairment, incontinence, and pain from spine and nerve damage.[2] ECF No. 17 at 4-5. The complaint alleges that plaintiff had been scheduled for surgeries and specialty consultations and been prescribed pain management medication, but that defendants discontinued

---

[2] Only factual allegations relevant to this motion are provided here.

1 his pain medications, surgeries, and consultations, and that they did so knowing their actions

2 would cause him "unnecessary pain and suffering." *Id.* at 3-4, 6-8.

**Analysis**

The complaint alleges in part that defendants discontinued plaintiff's pain medications, surgeries, and specialty consultations in violation of the Eighth Amendment. ECF No. 17. Because I find that the complaint lacks the requisite specificity, I will grant defendants' motion and give plaintiff thirty days to file an amended complaint. Should plaintiff choose not to amend his complaint, this action will proceed on plaintiff's Eighth Amendment claim for denial of his medically prescribed equipment.

Defendants argue that this claim is devoid of factual allegations. ECF No. 42. Defendants contend that the complaint does not identify which defendant denied him medication, surgeries, or consultations, or what medications, surgeries, or consultations were denied. Further, defendants argue that plaintiff fails to allege that each defendant was aware that such discontinuation constituted an excessive risk to plaintiff or that any of the defendants were specifically involved in the decision to discontinue his medication, surgeries, and consultations. Defendants state that, because the complaint fails to contain this information, they are left without sufficient information to determine whether plaintiff exhausted his administrative remedies or to evaluate the viability of any substantive defenses.

Plaintiff argues that the specifics of this claim are contained in his opposition and his confidential settlement statement that he mailed to Judge Barnes for the settlement conference that occurred on May 9, 2024. ECF No. 51. Plaintiff's opposition details at length his recent medical history, which includes medications that he has been prescribed and a list of surgeries that have been recommended by various medical personnel. *Id.* at 15-16. The opposition also includes statements about each defendants' actions in denying him his medications, surgeries, and consultations. *Id.* at 3-11.

As an initial matter, the court has not reviewed plaintiff's confidential settlement statement submitted to Judge Barnes. *See* Local Rule 270(d) ("Settlement conference statements shall not be disclosed to the Judge or Magistrate Judge assigned to try the action unless the parties

have agreed, and the Judge or Magistrate Judge has approved, that such Judge or Magistrate Judge will preside at the settlement conference."); *see also* Fed. R. Evid. 408. Therefore, any allegations in that statement are not properly before the court and cannot be considered to defeat a motion to dismiss. But more fundamentally, plaintiff's complaint lacks necessary details about this claim. While plaintiff's opposition, and undoubtably his settlement statement, contain detailed statements about defendants' discontinuation of his medications, surgeries, and consultations, those statements are not in the complaint. Should plaintiff wish to litigate this claim, he can file an amended complaint that includes factual allegations about the specific actions of each defendant. Plaintiff is notified that an amended complaint must be complete on its face. In other words, should plaintiff amend his complaint, he must re-allege any and all claims that the court previously found cognizable, if he wishes to proceed with those claims.

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 42, is granted.

2. Plaintiff may file an amended complaint within thirty days. Should plaintiff choose not to file an amended complaint, this action will proceed on plaintiff's Eighth Amendment claim for his denied access to prescribed medical devices.

3. The Clerk of Court is directed to send plaintiff a section 1983 form complaint.

IT IS SO ORDERED.

Dated:   August 28, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE