1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANDREW JESSE HERNANDEZ, SR.,          Case No.  2:21-cv-1629-JDP (P)

12                 Plaintiff,

13          v.                              ORDER

14    BRIAN KIBLER, et al.,

15                 Defendants.

16

17

18          Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants

19    Kibler, Gray, Miranda, and Spearman violated his Eighth Amendment rights by discontinuing his

20    access to four medical devices: a TENS device, a CPAP machine, a speaker pillow, and a

21    wheelchair bag.  ECF No. 56 at 4.  He also alleges that defendants discontinued his pain

22    medication (Robaxin) and denied him a neurological consult and various surgeries.  *Id.* at 11, 13.

23    Defendants have moved for partial summary judgment, ECF No. 65, arguing that plaintiff failed

24    to administratively exhaust all claims against defendants Kibler and Spearman, and his claims

25    related to the denial of the CPAP machine, Robaxin, consultation, and surgeries.   Plaintiff has

26    filed an opposition, ECF No. 68, and defendants have filed a reply, ECF No. 69.

27

28

                                                  1

1

Legal Standards

2

A. Summary Judgment

3       Summary judgment is appropriate where there is "no genuine dispute as to any material

4   fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

5   *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

6   only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

7   while a fact is material if it "might affect the outcome of the suit under the governing law."

8   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818

9   F.2d 1422, 1436 (9th Cir. 1987).

10      Rule 56 allows a court to grant summary adjudication, also known as partial summary

11  judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.

12  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule

13  56 authorizes a summary adjudication that will often fall short of a final determination, even of a

14  single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a

15  motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.

16  Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

17      Each party's position must be supported by (1) citations to particular portions of materials

18  in the record, including but not limited to depositions, documents, declarations, or discovery; or

19  (2) argument showing that the materials cited do not establish the presence or absence of a

20  genuine factual dispute or that the opposing party cannot produce admissible evidence to support

21  its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider

22  other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R.

23  Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir.

24  2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

25      "The moving party initially bears the burden of proving the absence of a genuine issue of

26  material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the

27  moving party must either produce evidence negating an essential element of the nonmoving

28  party's claim or defense or show that the nonmoving party does not have enough evidence of an

2

1   essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*

2   *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this

3   initial burden, the burden then shifts to the non-moving party "to designate specific facts

4   demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d

5   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than

6   the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

7   U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material

8   issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to

9   require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

10  *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

11      The court must apply standards consistent with Rule 56 to determine whether the moving

12  party has demonstrated there to be no genuine issue of material fact and that judgment is

13  appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

14  "[A] court ruling on a motion for summary judgment may not engage in credibility

15  determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.

16  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the

17  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

18  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

19  198 F.3d 1130, 1134 (9th Cir. 2000).

20      B.  Administrative Exhaustion

21      Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought

22  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

23  prisoner confined in any jail, prison, or other correctional facility until such administrative

24  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This statutory exhaustion

25  requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532

26  (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v.*

27  *Churner*, 532 U.S. 731, 741 (2001).  Unexhausted claims require dismissal.  *See Jones v. Bock*,

28  549 U.S. 199, 211 (2007).

3

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## Background

Defendants contend that between the date of plaintiff's arrival at High Desert State Prison ("HDSP"), where the actions giving rise to this action allegedly occurred, and the filing of the

initial complaint, plaintiff filed twenty-two health care grievances, four of which relate to the claims in this suit.  ECF No. 65-1 at 3.

Grievance log number HDSP HC 20000283 requested the return of durable medical equipment, but did not identify any named defendant or the specific medical equipment at issue. ECF No. 65-3 at 21.

Grievance log number HDSP HC 20000326 challenged a reasonable accommodation decision that was issued after HDSP HC 20000283.  ECF No. 65-3 at 27.  The grievance did not mention defendants Kibler or Spearman, and the response thereto mentioned that a speaker pillow, wheelchair bag, and TENS unit were discontinued because they were not medically necessary.  *Id.* at 30.  The CPAP machine was listed in the response, but as one item of durable medical equipment that plaintiff was still allowed to possess.  *Id.*

Grievance log number HDSP HC 20001143 challenged the discontinuation of pain medication, including Robaxin.  *Id.* at 48.  It also challenged the discontinuation of plaintiff's TENS unit and mentioned defendant Miranda.  *Id.* at 47-48.  It made no mention of defendants Kibler or Spearman, however.

Grievance log number HDSP HC 22000530 alleged that the headphones in the law library were unsuitable for use with his hearing aids.  *Id.* at 59, 63.  It also challenged the confiscation of plaintiff's speaker pillow.  *Id.* at 63.  Plaintiff alleged that his speaker pillow was confiscated on order of the warden of High Desert State Prison, though he did not identify that individual by name.  *Id.*

Analysis

I agree with defendants that plaintiff failed to exhaust his administrative remedies as to defendants Kibler and Spearman and, as to his claims regarding the CPAP machine, the medical consults, and the surgeries.[1]  I disagree, however, with their contention that he failed to exhaust his claims regarding Robaxin.

---

[1] I note that there is no dispute about the availability of the administrative exhaustion process.  Indeed, such an argument would be difficult to make given the total number of grievances plaintiff has filed.

1          A. Claims Against Kibler and Spearman

2          It is evident that plaintiff failed, as he was required to do under CDCR rules, to name

3   either defendant Kibler or Spearman in an exhausted grievance.  *See* Cal. Code Regs. tit. 15,

4   § 3999.227(g).  At a fundamental level, none of the relevant grievances, save one, even alludes to

5   any wrongdoing on behalf of either warden.  In grievance HDSP HC 22000530, plaintiff does

6   allege in passing that, in April 2020, his adaptive hearing device (speaker pillow) was confiscated

7   on the order of an unnamed HDSP warden.  ECF No. 65-3 at 63.  It is unclear from the complaint

8   whether the warden at this time was Spearman or Kibler, both of whom are alleged to have acted

9   as warden for a time in 2020.  ECF No. 56 at 2.  Regardless, the grievance in question was not a

10  challenge to that initial confiscation and officials gave no indication that they weighed any

11  wrongdoing stemming from actions taken in 2020.  Instead, this grievance, filed in November

12  2022, challenged a decision by a Reasonable Accommodation Panel that plaintiff felt was

13  insufficient to manage his hearing difficulties.  ECF No. 65-3 at 59.  And it is evident that this

14  was the matter prison officials considered because, in their grievance response, they identify the

15  issue as "[y]ou disagree with the Reasonable Accommodation Panel (RAP) response, 1824 Log

16  Number HDSP-D-22-00264."  *Id.* at 57.  Plaintiff's reference to the initial (and long past)

17  confiscation as background did not provide prison officials with notice or a meaningful

18  opportunity to address this alleged wrongdoing.

19          Plaintiff responds by arguing that the involvement of the wardens in any wrongdoing is

20  "inferred and obvious" because they had ultimate policymaking authority.  ECF No. 68 at 7, 18.

21  But it is the prison's procedures that govern the sufficiency of a grievance, and those procedures

22  mandated the identification of any staff accused of wrongdoing.  And common sense cautions

23  against the approach advocated by plaintiff, whereby any claim could be deemed exhausted

24  against any supervisory defendant simply because policy flows downward from the top of the

25  chain of command.

26          Plaintiff also argues that, in determining exhaustion, I should consider his Reasonable

27  Accommodation Requests—section 1824 forms.  *Id.* at 18.  But, as defendants note in their reply,

28  plaintiff did not identify either warden in those forms, either.  *See Id.* at 92-94, 99-104, 118-20,

150-52, 207-10.

Accordingly, I find that the claims against defendants Kibler and Spearman should be dismissed as unexhausted.

B. Claims Regarding CPAP Machine, Neurological Consult, Denial of Surgeries

As defendants correctly contend, none of plaintiff's relevant grievances (or section 1824 forms)[2] explicitly raises either the confiscation of his CPAP machine, the denial of a neurological consult, or the denial of any surgeries. Those claims will also be dismissed.

C. Pain Medication

By contrast, I find that plaintiff exhausted his claims regarding the denial of the pain medication Robaxin against defendant Miranda were exhausted. In grievance number HDSP HC 20001143 plaintiff identified Robaxin by name and stated that Miranda was "incompetent," plainly intimating that he was at fault. ECF No. 65-3 at 47-48. And in responding to the grievance, prison officials noted that the discontinuation of Robaxin and plaintiff's overall pain treatment were issues being considered. *Id.* at 43. Given that Miranda was identified in connection with plaintiff's pain treatment, prison officials had notice to consider his conduct.

---

[2] And, even if any section 1824 form could be construed to raise these claims, those forms required plaintiff to file a 602 grievance form to dispute any decision with which he disagreed. *See* ECF No. 68 at 93. Thus, administrative remedies would remain available and exhaustion would not be complete. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1.  Defendants' motion for partial summary judgment, ECF No. 65, is GRANTED in part.

2.  Plaintiff's claims against defendants Kibler and Spearman, and his claims regarding his CPAP machine, neurological consult, and denied surgeries are DISMISSED for failure to exhaust administrative remedies.

3.  The motion is DENIED in all other respects.

IT IS SO ORDERED.

Dated:    December 3, 2025    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE