UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW JESSE HERNANDEZ, Sr.,

Plaintiff,

v.

BRIAN KIBLER, *et al*.,

Defendants.

Case No.   2:21-cv-1629-JDP (P)

ORDER

Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendants Gray and Miranda violated his Eighth Amendment rights by failing to provide him with adequate medical care.[1] Defendants have moved for summary judgment, ECF No. 75, plaintiff has filed an opposition, ECF No. 77, and defendants have replied, ECF No.78.  After review of the pleadings, I will grant defendants' motion.[2]

<u>Legal Standards</u>

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

---

[1] Defendants Spearman and Kibler, as well as plaintiff's claims regarding a CPAP machine, neurological consult, and denied surgeries were previously dismissed for failure to exhaust administrative remedies.  ECF No. 72.

[2] The parties have consented to my jurisdiction.  ECF No. 53.

1

*Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d

376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence."  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Analysis

Plaintiff alleges that defendants Gray and Miranda violated his Eighth Amendment rights by discontinuing the following durable medical equipment ("DME"): transcutaneous electrical stimulation unit ("TENS unit"), custom wheelchair bag, and speaker pillow.  ECF No. 56 at 8, 12, & 14.  He claims that he suffers from back pain, muscle spasms, and sciatic nerve pain, for which the TENS unit and pain medication were necessary.  *Id.* at 8, 12.  Plaintiff alleges that the wheelchair bag was necessary for his issues with incontinence.  *Id.* at 10.  He claims that the speaker pillow was necessary for "listening to Braille studies [d]igital [b]ooks," television, and music.  *Id.* at 18.  Finally, plaintiff alleges that defendants denied him adequate care by discontinuing the pain medication Robaxin.  Id. at 14.

Defendants argue that discontinuation of the DMEs was appropriate because they were not medically necessary and plaintiff was not harmed, or faced with a risk of harm, by their discontinuance.  They also contend that ending plaintiff's prescription of Robaxin did not harm

him and was medically justified.  I agree.

To sustain an Eighth Amendment deliberate indifference claim, a claimant must show more than simple error or medical negligence.  "Deliberate indifference is something more than mere negligence but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (citation and internal quotation marks omitted).  Courts have described the requisite standard as something like "reckless disregard."  *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("[D]eliberate indifference is equivalent to reckless disregard and describes a state of mind more blameworthy than negligence, but is something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result . . . .").  Additionally, plaintiff must show that he was harmed by the alleged indifference.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

I.      TENS Unit

Defendants argue that a TENS unit is not medically necessary, and, therefore, its discontinuation does not amount to deliberate indifference.  They offer the declaration of Dr. B. Feinberg, a licensed physician employed by California Correctional Health Care Services.  ECF No. 75-5 at 1.  Dr. Feinberg opines that there is little medical evidence that a TENS unit improves chronic back pain of the sort experienced by plaintiff.  *Id.* at 5.  Indeed, it was written policy at High Desert State Prison not to prescribe TENS units due to a "lack of medical necessity."  ECF No. 75-6 at 11.

In his opposition, plaintiff argues that his TENS unit was medically necessary, but he provides no evidence supporting this assertion.  ECF No. 77 at 3.  He contends that whether a patient is entitled to a unit should be determined by individual needs, and not solely based "on studies or statistics based on other patients . . . ."  *Id.* at 9.

As defendants point out, plaintiff is a layman and, absent reliance on some medical evidence, he is not qualified to assert what treatment is medically necessary.  And, where there is evidence that a particular treatment is ineffective or not medically necessary for the complained-of condition, it is not deliberate indifference for providers to refuse to prescribe it.  *See Tolbert v.*

*Eyman*, 434 F.2d 625, 626 (9th Cir. 1970) ("Prison officials and medical officers have wide discretion in treating prisoners, and a simple claim of malpractice does not give rise to a claim under sections 1981 or 1983."); *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) ("On the merits, Eighth Amendment doctrine makes clear that [a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012)) (internal quotation marks omitted).

II.     Wheelchair Bag

Defendants argue that the wheelchair bag was not medically necessary insofar as it did not protect plaintiff's life, prevent illness or disability, or alleviate pain.  Instead, it was merely a convenience to carry his incontinence supplies, to which he has retained access.  Dr. Feinberg opines that "[w]hile included on this DME supply receipt, a wheelchair backpack, unlike a wheelchair, is not actually a piece of durable medical equipment as it is not intended to treat or manage a medical condition.  Rather, it is merely an accessory available for the convenience of a wheelchair user for storage of their personal items, and has no medical necessity."  ECF No. 75-5 at 4.

In his opposition, plaintiff appears to acknowledge as much but argues that carrying his incontinence supplies without the bag was difficult and deprived him of equal access to group activities.  ECF No. 77 at 15.  Plaintiff has not asserted an equal protection claim and has not presented evidence that being deprived of the bag also deprived him of access to the incontinence supplies it previously held.  Mere inconvenience, as plaintiff asserts with regard to the loss of his wheelchair bag, is insufficient to state an Eighth Amendment claim.  *See Villacres v. Marshall*, No. C 93-1477 EFL, 1993 U.S. Dist. LEXIS 7965, *3 (N.D. Cal. Jun. 10, 1993) ("A claim of mere negligence, harassment or inconvenience related to medical problems, on the other hand, is not enough to make out a violation of the Eighth Amendment.").

III.     Speaker Pillow

The same analysis in the foregoing section concerning the bag also applies to plaintiff's claims about his speaker pillow.  Dr. Feinberg opines that "while a hearing aid is certainly a piece

of DME, designed to treat hearing loss, a pillow with speakers is merely an item of convenience, designed to allow an individual to more conveniently listen to television or radio while lying down.  A pillow with speakers does not treat hearing loss, is not considered DME, and has no medical necessity."  ECF No. 75-5 at 4.

In his opposition, plaintiff alleges that the speaker pillow is medically necessary because he unable to listen to audio devices with over-ear headphones or earbuds, because his permanent hearing aid causes a loud screeching noise when interacting with these devices.  ECF No. 77 at 16-17.  But, as defendants point out, plaintiff does not have a right to listen to electronic devices that require headphones, and there is no evidence that his health is worsened or jeopardized by the lack of a speaker pillow.  Again, an inconvenience does not implicate an Eighth Amendment claim

IV.     Robaxin

Finally, evidence establishes that defendants were not deliberately indifferent by discontinuing plaintiff's Robaxin prescription in June 2020.  Dr. Feinberg opines that Robaxin, referred to in the declaration by its alternate name "methocarbamol," is unsuited to treating chronic lower-back pain of the sort experienced by plaintiff.  ECF No. 75-5 at 6.  Other pain relievers, including "Voltaren gel" and ibuprofen, were prescribed for plaintiff's chronic pain.  *Id.* at 7.

In his opposition, plaintiff states that he experienced none of the possible negative side effects of Robaxin and that defendants' suggestion that he take nonsteroidal anti-inflammatory drugs instead would interfere with his blood-thinning medications.  ECF No. 77 at 18-19.  However, medical records indicate that, after Robaxin was discontinued, plaintiff did not complain of significant back pain and refused other pain medications offered by his providers.  ECF No. 75-5 at 46 (October 2020 visit notes, "he has no back or leg complaints today . . ."); at 51 (January 2021 visit notes, "[c]urrently he says he feels well overall and has no back pain now.").  Plaintiff is not constitutionally entitled to any specific treatment, and disagreement over treatment does not give rise to an Eighth Amendment claim.  *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to

the best care possible.  She is entitled to reasonable measures to meet a substantial risk of serious harm to her."); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [plaintiff's] serious medical needs.").

Conclusion

Accordingly, it is ORDERED that:

1.    Defendants' motion for summary judgment, ECF No. 75, is GRANTED.

2.    The Clerk of Court is directed to enter judgment in defendants' favor and close this case.

IT IS SO ORDERED.

Dated:    July 6, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7